# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| **In re** **FLAVIA A. VIEIRA FERNANDES,**              **Debtor** | Chapter 11 Case No. 10-17925-FJB |
| **FLAVIA A. VIEIRA FERNANDES,**              **Plaintiff** **v.** **U.S. BANK, N.A.**              **Defendant** | Adversary Proceeding No. 10-1278 |

## MEMORANDUM OF DECISION AND ORDER ON
## MOTION OF U.S. BANK, N.A, TO DISMISS

By her complaint in this adversary proceeding, the plaintiff and chapter 11 debtor, Flavia A. Vieira Fernandes ("the Debtor"), seeks (i) a determination that the prepetition foreclosure sale that defendant U.S. Bank, N.A. ("U.S. Bank") completed on her real property was invalid and (ii) relief for claims arising from the underlying promissory note and mortgage. The adversary proceeding is before the Court on the motion of U.S. Bank to dismiss as to each of the Amended Complaint's twelve counts. At the heart of the Debtor's complaint are allegations that U.S. Bank was not the holder of the mortgage on the real property, that if it was the holder it was obligated to consider alternatives to foreclosure but did not, and that the mortgage is unenforceable because of defects in its origination. After a hearing and for the reasons set forth below, the Court will allow the motion in part and deny it in part.

**Count I:  Breach of Mortgagee's Duty of Good Faith and Reasonable Diligence**

Count I seeks a determination that U.S. Bank breached the duty of good faith and reasonable diligence that, under Massachusetts law, governs a mortgagee's exercise of its power of sale, see *Williams v. Resolution GGF OY*, 417 Mass. 377, 382-383 (1994), by failing to offer to consider the Debtor's loan for modification.  U.S. Bank's argument for dismissal of this count is based on a misunderstanding of its basis, assuming (not without cause in the complaint) that the count was actually based on breach of the implied contractual covenant of good faith and fair dealing.  In response, the Debtor has clarified that this count is not based on the implied covenant of good faith and fair dealing.  That leaves the court with no argument on the validity of the basis actually asserted.

The Debtor contends that U.S. Bank was obligated by a Servicer Participation Agreement ("SPA") it entered into with the United States Department of the Treasury, under the federal Home Affordable Modification Program ("HAMP"), and that she is a third-party beneficiary of the SPA.  Under the SPA, the Debtor alleges, U.S. Bank promised that before foreclosing on certain loans, including her own, it would consider those loans for modification and for other alternatives to foreclosure.  She alleges that in breach of this promise, U.S. Bank did not offer to consider her loan for modification.  (She does not contend that she requested such consideration.)  In this count, she is not suing on the contract but is alleging that U.S. Bank's breach of this contractual promise is a violation of the duty of good faith and reasonable diligence.  In view of the novelty of this theory, the lack of Massachusetts case law on point,[1] and the lack of argument on it from U.S. Bank, I will deny dismissal as to this count without

---

[1] On similar but not identical facts, Judge Hoffman of this court has recently held that the mortgagor in that case had established a substantial likelihood that he would prevail on the theory that a mortgage servicer's breach of its obligations to a mortgagor in a HAMP-related SPA may be enforceable under Massachusetts law by the mortgagor as part of the mortgagee's duty of good faith and reasonable diligence.  See *Jose Cruz v. Hacienda Associates LLC and Wells Fargo Bank, N.A.*, slip op, issued January 26, 2011 (Adv. Pro. No. 11-4006, Bankr. D. Mass.).  That decision was issued after this motion was taken under advisement.  I am aware of no other cases on point.

2

determining at this juncture whether it constitutes a claim on which relief can be granted. The issue may be raised again at the summary judgment stage.

**Count II:  Breach of Contract under HAMP**

Count II seeks a determination of breach of contract. The Debtor contends that U.S. Bank breached its contractual obligation to her, as a third party beneficiary of the SPA, by failing to offer to consider her loan for modification. I agree with those courts that have held that there is no private right of action under HAMP and the SPA. *Speleos v. BAC Home Loans Servicing, L.P.*, 2010 WL 5174510, at*3 (D. Mass. 2010); *McKensi v. Bank of America*, 2010 WL 3781841, at*3 (D. Mass. 2010), and cases cited. Accordingly, this count must be dismissed.

**Count III:  Deceit**

Count III, for deceit by the loan originator (not U.S. Bank) in the origination of the loan, fails for two reasons. First, it is barred by the three-year statute of limitations. The Debtor responds that the limitations period was tolled until discovery, but the Debtor has not stated that discovery occurred too late to permit assertion of this count within the limitations period. As tolling is an affirmative defense to the statute of limitation, the Debtor bears the burden of articulating this defense with sufficient detail to establish its plausibility. There is no detail here. Especially where she herself alleges that the loan became unaffordable within a year of origination, she has articulated no plausible answer to the limitations defense.

Second, this count alleges no misrepresentation by U.S. Bank, only by its predecessor in interest, and is not viable against the assignee. Deceit is not advanced here as a defense to enforcement of the contract but as a basis for affirmative relief in tort. The holding in *Graves Equipment, Inc., v. M. DeMatteo Const. Co.,* 397 Mass. 110 (1986)—that an assignee of the rights of one party to a contract has no better rights than, and is subject to contractual defenses

3

available against, the assignor—does not govern where the action is not on the contract but an affirmative claim in tort.

**Count IV:  Unjust Enrichment**

Count IV, for unjust enrichment, seeks to recoup mortgage payments the debtor made to U.S. Bank that were unwarranted for either or both of two reasons:  that U.S. Bank never held the promissory note on which the payments were made; and that the loan agreement was unfair and violated one or another consumer protection law.  The Debtor does not by this count seek to establish either of these reasons for finding that the payments were unwarranted.  She merely seeks by this count to preserve a remedy in equity for recovering the payments if, (i) by another count, she establishes cause to conclude that the payments were unwarranted but (ii) there exists no remedy at law for recovering the payments.  Insofar as this count is only remedial, I will refrain from dismissing it but, at the same time, recognize that it is derivative and remedial in nature and cannot stand alone.

**Counts V and VIII:  Violations of G.L. c. 93A**

Count V, which alleges a violation of 940 CMR 8.06(1), and Count VIII insofar as it alleges a violation 940 CMR 8.06(15)[2] are in essence counts under G.L. c. 93A, there being no direct right of action under the regulations themselves.  As claims under c. 93A, they must be dismissed for failure of the Debtor to plead that she has served the demand letter required by G.L. c. 93A, §9(3).  *Rodi v. Southern New England School of Law*, 389 F.3d 5, 19-20 (1st Cir. 2004).

---

[2] Count VIII also alleges a claim for violation of G.L. c. 183C, which will be addressed separately.

**Count VII:[3]  G.L. c. 183, § 28C**

Count VII seeks relief for violation of Massachusetts G.L. c. 183, § 28C, which prohibits lenders from making home refinancing loans that are not in the borrower's interest.  U.S. Bank seeks dismissal of this count on two grounds.  The Bank first argues that G.L. c. 183, § 28C does not apply to this loan because the loan was not incurred by the Debtor for personal, family, or household purposes.  As defined by regulations promulgated under this section, a loan is a "home loan" within the meaning of G.L. c. 183, § 28C only if, among other things, it is "incurred by the borrower primarily for personal, family, or household purposes."  209 CMR 53.02.  This argument for dismissal must be rejected because the complaint plausibly alleges that the loan concerned a property in which the Debtor intended at the time of the loan to reside with her family.

The Bank also argues that this count should be dismissed because "it remains undisputed that the refinancing was in Debtor's interest as defined by the statute."  The Court rejects this argument, too.  On a motion to dismiss, the issue is not whether the Debtor disputes the facts in issue but whether the complaint plausibly makes the necessary allegation.  It does.  The rest of U.S. Bank's argument on this issue, relying as it does on facts outside the pleadings and essentially seeking to put the Debtor to her proof on the issue, would be appropriate to a motion for summary judgment but is not cause to dismiss under Rule 12(b)(6).

**Count VIII:  G.L. c. 183C, The Massachusetts Predatory Home Loan Practices Act**

Count VIII seeks (in addition to the relief addressed with Count V above) relief for violation of G.L. c. 183C, the Massachusetts Predatory Home Loan Practices Act (MPHLPA).  U.S. Bank seeks dismissal of this count on the basis that, for two reasons, the loan in question is not a "high cost home loan" within the meaning of the MPHLPA.  U.S. Bank first argues that

---

[3] The Amended Complaint contains no count numbered VI.

the loan does not satisfy the requirement that the loan be secured by the borrower's principal dwelling.  However, the Debtor alleges that she entered into this loan with intent to reside in this property.  This is enough for Rule 12(b)(6) purposes.

U.S. Bank also argues that the loan does not satisfy certain quantitative criteria by virtue of which a loan is deemed "high cost."  This argument, however, relies again on evidence outside the complaint and is not an appropriate basis for Rule 12(b)(6) dismissal.

**Count IIX:  Violation of the Real Estate Settlement Procedures Act ("RESPA")**

Count IIX (sic), for violation of the Real Estate Settlement Procedures Act ("RESPA"), is dismissed, the Debtor having conceded that she has no right of action under RESPA.

**Count IX:  Intentional Infliction of Emotional Distress**

Count IX, for intentional infliction of emotional distress, must be dismissed.  The complaint, fairly read, alleges only that U.S. Bank intended to exercise what it believed was its right to foreclose in the face of protestations to the contrary by the mortgagor.[4]  This behavior cannot constitute the "extreme and outrageous conduct" that is a required element of this tort. *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 466 (1997).

**Count X:  Validity of Foreclosure Sale**

Count X seeks a declaration that the foreclosure sale was ineffective for two reasons: (i) by virtue of defects or gaps in the chain of title on the basis of which U.S. Bank claims to have held the mortgage, U.S. Bank did not have the power of sale at the time of foreclosure; and (ii) although U.S. Bank executed and recorded a foreclosure deed from itself to itself, no

---

[4] For purposes of this motion and this count, I indulge as true without determination the Debtor's contention that U.S. Bank was not entitled to foreclose, because it did not hold the mortgage in question and because of defects in the origination of the mortgage loan that constitute defenses to its enforcement of the promissory note and mortgage.

6

foreclosure sale was actually conducted at the property. The motion to dismiss does not address the latter and will be denied as to the former because the asserted defense, relying as it does on facts extraneous to the complaint, is properly asserted by motion for summary judgment but does not establish that the complaint does not plausibly state a claim on which relief can be granted.

**Count XI: Avoidance of Foreclosure Sale under 11 U.S.C. § 548(a)(2)**

Count XI, for avoidance of the foreclosure sale as a fraudulent transfer under 11 U.S.C. § 548(a)(2), must be dismissed because § 548(a)(2) is not in itself a basis for avoidance but a defense to avoidance for transfers of certain charitable contributions to qualified religious or charitable entities. It has no application here. The Debtor's reference to § 548(a)(2) in Count XI was clearly a mistake, as U.S. Bank pointed out to her shortly after she filed the Amended Complaint (in which she first asserted it).[5] Since then, however, she has failed to correct this count to specify the statutory basis on which she is relying and, even in response to the present motion to dismiss, has not specified that basis. The Court may not guess at the basis and, in effect, make her arguments for her.

**ORDER**

For the reasons set forth above, the Motion of U.S. Bank, N.A. to Dismiss is hereby

- granted as to Counts I (Violation of Duty of Good Faith and Reasonable Diligence in Exercise of Power of Sale), II (Breach of HAMP Contract), III (Deceit), IIX (sic) (RESPA), IX (Intentional Infliction of Emotion Distress), and XI (11 U.S.C. § 548(a)(2));
- denied as to Counts IV (Unjust Enrichment), VII (Violation of G.L. c. 183, § 28C), VIII (Violation of G.L. c. 183C, the Massachusetts Predatory Home Loan Practices Act), and X (Foreclosing Without Power of Sale); and

---

[5] See Doc. #33, filed 11/12/2010, at pp. 5-6.

- granted without prejudice to reassertion after completion of demand-letter process as to Counts V (Violation of G.L. c. 93A and 940 CMR 8.06(1)) and VIII (as to violation 940 CMR 8.06(15)), provided plaintiff serves a demand letter on or before February 4, 2011 and moves to amend on or before March 20, 2011.

Date: January 31, 2011                      _____/s/ Frank J. Bailey_____
                                            Frank J. Bailey
                                            United States Bankruptcy Judge